# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

SCELIA ROBINSON and
ZACK LYDE,

    Plaintiffs,

v.   :   CIVIL ACTION NO.: CV213-066

THE STATE OF GEORGIA; AMITY
HOUSE, *et al*,

    Defendants.

## ORDER

Plaintiffs, proceeding pro se, filed this complaint on May 6, 2013. Defendants Carrie Murray Nellis and Gil Nellis have moved for a dismissal of Plaintiffs' claim.

The Court is reluctant to rule on said motion without receiving a response from the Plaintiffs or insuring that Plaintiffs are advised of the potential ramifications caused by their failure to respond. Once such a motion is filed, the opponent should be afforded a reasonable opportunity to respond to or oppose such a motion. This Court must consider that the Plaintiffs in this case are *pro se* litigants. Haines v. Kerner, 404 U. S. 519, 520 (1972). When a defendant or defendants file a motion to dismiss, the court must construe the complaint liberally in favor of plaintiffs, taking all facts alleged by the plaintiffs as true, even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007).

The granting of a motion to dismiss without affording the plaintiffs either notice or any opportunity to be heard is disfavored. Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336-37 (11th Cir. 2011). A local rule, such as Local Rule 7.5 of this court,[1] should not in any

---

[1]    Local Rule 7.5 states:

> Unless . . . the assigned judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty-one (21) days after service of the

way serve as a basis for dismissing a *pro se* complaint where, as here, there is nothing to indicate plaintiffs ever were made aware of it prior to dismissal. Pierce v. City of Miami, 176 F. App'x 12, 14 (11th Cir. 2006).

Accordingly, Plaintiffs are hereby **ORDERED** to file any objections to said Defendants' motion for a dismissal, or to otherwise inform the court of their decision not to object to said Defendants' motion within twenty-one (21) days of the date of this Order. Tazoe, 631 F.3d at 1336 (advising that a court can not dismiss an action without employing a fair procedure). Should Plaintiffs not timely respond to said Defendants' motion to dismiss, the Court will determine that there is no opposition to the motion. See Local Rule 7.5. In order to assure that Plaintiffs' response is made with fair notice of the requirements of the Federal Rules of Civil Procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon which relief may be granted, the Clerk of Court is hereby instructed to attach a copy of Rule 41, Fed. R. Civ. P., as well as Rule 12, Fed. R. Civ. P., to the copy of this Order that is served on the Plaintiffs.

**SO ORDERED**, this 13th day of January, 2015.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

motion. <u>Failure to respond shall indicate that there is no opposition to a motion.</u> (emphasis added).

2