# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| SCELIA ROBINSON and ZACK LYDE, | * * * | |
| Plaintiffs, | * * | CIVIL ACTION NO.: CV213-66 |
| -VS- | * * | |
| THE STATE OF GEORGIA; AMITY HOUSE, et al | * * * | |
| Defendants. | * | |

## ORDER

Presently before the Court are three motions to dismiss filed by Defendant Jim Chamberlin (Dkt. Nos. 108, 109 and 129). After thorough consideration, and having given the Plaintiffs ample and multiple opportunities to respond, these motions are **GRANTED**.

### I. Procedural Background

A full summary of this pro se action can be found in the Court's previous Order of February 18, 2014, granting the initial motions to dismiss made by several Defendants. Dkt. No. 107. As detailed therein, Plaintiffs Scelia Robinson and Zack Lyde filed their Complaint on May 6, 2013 and elected to amend it the next month. Dkt Nos. 1 and 6. In what the Eleventh Circuit calls "shotgun fashion" the Complaint and its Amendment touch on more than 40 separate claims lodged against some 110 defendants.

At the request of many Defendants and following the directions the Eleventh Circuit has given to Courts faced with such shotgun pleadings, the Magistrate Judge ordered Plaintiffs to

provide a more definite statement of their claims. Dkt. No. 74. Plaintiffs were given 20 days from August 20, 2013 to identify which Defendants allegedly violated which rights. Id. Instead of complying with the Magistrate Judge's Order, the Plaintiffs asked for a grand jury investigation of the Magistrate Judge. Dkt. No. 75.

Thereafter, several Defendants moved to dismiss the Complaint. These motions were granted on February 18, 2014 (Dkt. 107). The following week, on February 24, 2014, Defendant Chamberlin filed his initial Motion to Dismiss (Dkt. No. 108) followed by an Amended Motion to Dismiss (Dkt. No. 109). Plaintiffs were ordered to file any opposition to these motions within 21 days. (Dkt. No. 110). Plaintiffs have never filed any opposition to Chamberlin's motions. Instead, Plaintiffs sought to bring this case to the Eleventh Circuit. Following the Circuit's dismissal of the appeal, Chamberlin filed another Motion to Dismiss (Dkt. No. 129). Again, Plaintiffs were ordered to respond within 21 days. (Dkt. No. 132). Again, Plaintiffs have failed to respond.

## II. Analysis

Chamberlin seeks dismissal based, in part, on Plaintiffs' Complaint stating insufficient facts establishing a plausible claim for relief against him.

As noted previously, Plaintiffs' Complaint is a quintessential example of a shotgun pleading, which the Eleventh Circuit has admonished for well over two decades. See Magluta v. Samples, 256 F. 3d 1282, 1284 (11th Cir. 2001) (per curiam). Plaintiffs claim that "[a] suit is needed against the State of Georgia [,] the case workers, family court judges, and district lawyers, state and federal agencies, DHS and its providers, hired attorneys, counselors, and medical personnel" for "Judicial and Government accountability." Dkt. No. 1, at 8. The only specific allegations are against:

- the Glynn County Juvenile Court for "ambushing" Robinson with biased trials, Id.;

- the State of Georgia for "willfully fail(ing) to and den[ying Robinson's] right" to certain social services, Id.;

- John P. Rivers for being a "tool" of the Glynn County Juvenile Court to create a façade of due process with court-appointed counsel, see Dkt. No. 6, at 1;

- An unidentified DFCS worker for telling Robinson that her rights would be terminated "no matter what," Id.; and

- Judge Rountree for ignoring Robinson's questions during a proceeding and saying "It doesn't matter who's right and who's wrong," in response to Robinson asking why her children were not returned. Id.

Beyond conclusory assertions of legal violations, Plaintiffs proffer no averments showing a plausible claim for relief, under any of their 40-plus theories of liability. The Complaint gives no indication of what, if anything, Chamberlin is alleged to have done wrong. Even under the liberal standard under which pro se complaints are interpreted, the allegations in Plaintiffs' Complaint are conclusory, speculative, unspecific, and fall far short of the standard for alleging a plausible claim for relief. These fatal flaws persist even after Plaintiffs were under Court order to give a more definite statement and have twice declined opportunities to respond to Chamberlin's Motion.

AO 72A
(Rev. 8/82)

## CONCLUSION

Plaintiffs' Complaint and its Amendment are **DISMISSED** as to Defendant Chamberlin. His Motions to Dismiss are **GRANTED**.

**SO ORDERED** this 18TH day of March, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)