# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

SCELIA ROBINSON and ZACK LYDE,

    Plaintiffs,

v.

THE STATE OF GEORGIA; AMITY HOUSE, et al,

    Defendants.

CV 213-66

## ORDER

Presently before the Court are four motions to dismiss filed by four separate groups of Defendants: Dkt. no. 111, filed by Defendants Peggy Sorrells, Norris Smith, Frank Bonati, Clyde Reese, Frank Berry, Chuck Pittman, Amanda Chapman, Vicki Riggins, LaSharn Hughes, Bobby Cagle, Mary Skelton, Mike Beatty, and David Cook; Dkt. no. 112, filed by Defendants CASA Glynn, Inc. and Lynda Tye; Dkt. no. 130, filed by Defendants Gil and Carrie Murray Nellis; and Dkt. no. 136, filed by Defendant J. Alexander Atwood. Also before the Court is Plaintiff Robbinson's "Second Request for a Motion to Amend and Have Co-Plaintiff Zack Lyde Removed From Case CV 213-066," Dkt. no. 100, which appears to be an Objection to the Magistrate Judge's November 1, 2013

1

Order (Dkt. no. 98) denying Plaintiff's request for appointed counsel paired with a motion to have Co-Plaintiff Zack Lyde dropped from the case. After thorough consideration, and having given the Plaintiffs ample time to respond, Defendants CASA Glynn and Tye's motion to dismiss (Dkt. no. 112) is **GRANTED**; Defendants Gil and Carrie Nellis's motion to dismiss (Dkt. no. 130) is **GRANTED**; and Plaintiffs are **DIRECCTED** to respond to the motions to dismiss filed by Defendants Atwood (Dkt. no. 136) and Peggy Sorrels, et al (Dkt. no. 111) within 21 days. Plaintiff's renewed request for appointed counsel is **DENIED**, and Plaintiff Zack Lyde is directed to respond to Plaintiff's motion to have him removed from the case within 21 days.

I. **Procedural Background**

A full summary of this pro se action can be found in the Court's previous Order of February 18, 2014, granting the initial motions to dismiss made by several Defendants. Dkt. no. 107. As detailed therein, Plaintiffs Scelia Robinson and Zack Lyde filed their Complaint on May 6, 2013, and elected to amend it the next month. Dkt. nos. 1, 6. In what the Eleventh Circuit calls "shotgun fashion" the Complaint and its amendment touch on more than 40 separate claims lodged against some 110 Defendants.

At the request of many Defendants and following the directions the Eleventh Circuit has given to courts faced with such shotgun pleadings, the Magistrate Judge ordered Plaintiffs

AO 72A
(Rev. 8/82)

to provide a more definite statement of their claims. Dkt. no. 74. Plaintiffs were given 20 days from August 20, 2013, to identify which Defendants allegedly violated which rights. Id. Instead of complying with the Magistrate Judge's Order, the Plaintiffs asked for a grand jury investigation of the Magistrate Judge. Dkt. no. 75.

Thereafter, several Defendants moved to dismiss the Complaint. These motions were granted on February 18, 2014 (Dkt. no. 107). Also, the Court recently granted Defendant Chamberlin's motion to dismiss on March 18, 2015 (Dkt. no. 135).

Among those Defendants with motions presently before the Court, Defendants CASA Glynn, Inc. and Linda Tye filed their motion to dismiss on March 17, 2014. See Dkt. no. 112. Plaintiffs were ordered to file any opposition to this motion within 21 days. Dkt. no. 118. Defendants Gil and Carrie Nellis filed their motion to dismiss on January 12, 2015. See Dkt. no. 130. And again, Plaintiffs were ordered to file any opposition to the Nellises' motion within 21 days. Dkt. no. 132. Plaintiffs have failed to respond to these Defendants' motions within the time prescribed in the Court's Orders.

As to the two other motions to dismiss before the Court, those motions remain unopposed but Plaintiffs have not yet been directed to file any response, as they have been for the other groups of Defendants. Defendants Peggy Sorrels, Norris Smith,

3

and others named as movants in Dkt. no. 111-1 and represented by Georgia's Attorney General (and thus, the "A.G. Defendants" for purposes of this Order), filed their motion to dismiss on March 6, 2014. See Dkt. no. 111. Defendant Atwood filed his motion to dismiss on March 19, 2015. See Dkt. no. 136.

Finally, Plaintiff filed her first motion for appointed counsel on October 28, 2013. Dkt. no. 95. The Magistrate Judge denied that request on November 1, 2013. Dkt. no. 98. Plaintiff then filed the present "second request," which, in addition to restating her request for appointed counsel, asks to have Plaintiff Zack Lyde dropped from the case. Dkt. no. 100.

This case was stayed pending the resolution of Plaintiff's appeal to the Eleventh Circuit. The Circuit dismissed the appeal, and the Court may now address several of these motions that stood unresolved pending the stay.

## II. Plaintiff Robinson's "Second Request for a Motion to Amend and Have Co-Plaintiff Zack Lyde Removed from Case CV 213-066"

Plaintiff Robinson's November 12, 2013 motion requests that the Court appoint counsel and remove Plaintiff Zack Lyde from the case. Dkt. no. 100. While these requests appear to be interrelated insofar as Plaintiff Robinson intended Plaintiff Lyde to serve as her counsel, the Court will address them separately.

### a. Plaintiff's Request for Appointment of Counsel

Plaintiff Robinson refiled her request for appointment of counsel less than two weeks after the Magistrate Judge rejected her initial request. See Dkt. nos. 98, 100. Because the Magistrate Judge has denied this request already, this Court will interpret Plaintiff's renewed request as an Objection to the Magistrate Judge's ruling.

When a magistrate judge rules on a non-dispositive pretrial matter, parties may object to that ruling and seek review from the district judge under Federal Rule of Civil Procedure 72(a). See Fed. R. Civ. P. 72(a). In reviewing the magistrate judge's order, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.

The Magistrate Judge denied Plaintiff Robinson's request for appointment of counsel because "[t]here is no constitutional right to appointed counsel in a civil case such as this one, and in the absence of the showing of an exceptional circumstance the Court is not inclined at this juncture to appoint counsel to assist the Plaintiff." Dkt. no. 98 (citing Wahl v. McIver, 773 F.2d 1169 (11th Cir. 1985)).

Plaintiff's renewed request for counsel is substantively the same as her initial request before the Magistrate Judge. The renewed request includes an "Amendment" which discusses, at length, how she had intended Co-Plaintiff Lyde to serve as her

5

counsel but he has, in fact, abandoned that "responsibility" and should thus be removed from the case. Dkt. no. 100, pp. 2-4. The Court notes that Mr. Lyde is not an attorney. Plaintiff's request to remove Co-Plaintiff Lyde from the case does not establish the "exceptional circumstances" necessary for this Court to appoint counsel in a civil case. Plaintiff Robinson has not shown that counsel is necessary to present meritorious issues to the Court. See Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). Plaintiff's Objection to the Magistrate Judge's November 1, 2013 Order denying her request for appointment of counsel is **OVERRULED**.

### b. Plaintiff Robinson's Request to Have Co-Plaintiff Lyde Removed from the Case

As noted above, Plaintiff Robinson amended her request for appointment of counsel to include a request that Co-Plaintiff Lyde be removed from the case. Under Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Plaintiff Robinson appears to argue that Co-Plaintiff Lyde should be dropped from the case because he has no real interest in the case and thus is present only by misjoinder. See Dkt. no. 100, pp. 2-4. Indeed, this Court has previously noted that Plaintiffs' Complaint does not allege any specific harm to Plaintiff Lyde. Dkt. no. 107, p. 3. By Plaintiff Robinson's

account, she named Lyde as a Plaintiff because he told her it was necessary for him to be a named co-plaintiff if he were to successfully represent her in this suit. Dkt. no. 100, p. 7.

Absent any indication of Plaintiff Lyde's interest in the case, dropping Plaintiff Lyde may be the proper course of action. However, in the interest of justice, this Court directs Plaintiff Lyde to file within 21 days any opposition to Plaintiff Robinson's request to have him dropped from the case. The Court will issue a decision on Plaintiff Robinson's motion upon consideration of Plaintiff Lyde's response.

## III. Defendants' Motions to Dismiss

As discussed above, Plaintiffs have been repeatedly warned that they must respond to the various Defendants' motions to dismiss if they wish to maintain their claims against those Defendants. They have repeatedly failed to heed the Court's warnings. As to the motions presently before the Court, Plaintiffs were directed to respond to two of them (Dkt. nos. 112, 130), but have yet to be directed to respond to the other two (Dkt. nos. 111, 136).

### a. The Motions to Dismiss to which Plaintiffs have been Directed to Respond

On March 18, 2014, Plaintiffs were directed to respond to Defendants CASA Glynn and Linda Tye's motion to dismiss. Dkt. no. 118. Similarly, on January 13, 2015, Plaintiffs were

AO 72A
(Rev. 8/82)

directed to respond to Defendants Gil and Carrie Nellis's motion to dismiss (Dkt. no. 132). Both of these Orders informed Plaintiffs that if they failed to respond within 21 days, "the Court will determine that there is no opposition to the motion." Dkt. nos. 118, 132 p. 2. And for both motions, Plaintiffs have failed to respond. This failure alone is reason enough to grant the Defendants' motions, but those motions could also be granted on the merits.

Defendants CASA Glynn and Tye seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5), which allows a court to dismiss a case for insufficient service of process. Dkt. no. 113, p. 1; Fed. R. Civ. P. 12(b)(5). "Without valid service of summons or a waiver of service, the Court cannot establish proper venue and personal jurisdiction over the defendants, and the case may not proceed." Mann v. Castiel, 729 F. Supp. 2d 191, 196 (D.D.C. 2010) (citing Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd., 484 U.S. 97, 104 (1987)). The burden is on the plaintiff to establish the validity of service of process on the defendant. Lowdon PTY Ltd. Westminster Ceramics, LLC, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008).

The record shows that Defendant CASA Glynn was never served with a summons or Complaint, despite being named in the Complaint. See Dkt. no. 7. Defendant Tye was issued a summons, but this summons was returned unexecuted. Compare id. at 34 with

Dkt. no. 61. Plaintiffs' Complaint was filed on May 6, 2013. More than 700 days have passed since then. "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff was directed by this Court to respond to Defendants' motion, and thus was on notice that it had failed to properly serve Defendants CASA Glynn and Tye. As such, the Court will **GRANT** Defendants CASA Glynn and Tye's motion to dismiss (Dkt. no. 112), and dismiss Plaintiffs' claims against them without prejudice.

Defendants Gil and Carrie Nellis's motion to dismiss seeks dismissal pursuant to rules 12(b)(5) and 12(b)(6). The Court will address their motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At a minimum, a

complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

As noted previously, Plaintiffs' Complaint is a quintessential example of a shotgun pleading, which the Eleventh Circuit has admonished for well over two decades. See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam). Plaintiffs claim that "[a] suit is needed against the State of Georgia[,] the case workers, family court judges, and district lawyers, state and federal agencies, DHS and its providers, hired attorneys, counselors, and medical personnel" for "Judicial and Government accountability." Dkt. no. 1, p. 8. As this Court has observed in other Defendants' motions to dismiss, the only specific allegations in the Complaint are against Glynn County Juvenile Court, the State of Georgia, an unidentified DFCS worker, and Judge Rountree. See Dkt. no. 135, p. 3 (citing Compl., Dkt. no. 1; First Am. Compl., Dkt. no. 6). Beyond conclusory assertions of legal violations, Plaintiffs proffer no averments showing a plausible claim for relief, under any of their 40-plus theories of liability. The Complaint gives no indication of what, if anything, the Nellises have done wrong.

Even under the liberal standard under which pro se complaints are interpreted, the allegations in Plaintiffs' Complaint are conclusory, speculative, unspecific, and fall short of the standard for alleging a plausible claim for relief. These fatal flaws persist even after Plaintiffs were under Court order to give a more definite statement and have twice declined opportunities to respond to the Nellises' motion. Defendant Gil and Carrie Nellis's motion to dismiss (Dkt. no. 130) is **GRANTED**, and all of Plaintiffs' claims against the Nellises are dismissed with prejudice.

### b. The Remaining Motions to Dismiss

Plaintiff Robinson has not yet been directed to respond to the A.G. Defendants' and Defendant Alexander's motions to dismiss (Dkt. nos. 111, 136).

The Court is reluctant to rule on these motions without receiving a response from the pro se Plaintiffs or ensuring that Plaintiffs are advised of the potential ramifications caused by their failure to respond. Once such a motion is filed, the opponent should be afforded a reasonable opportunity to respond to or oppose such a motion. This Court must consider that the Plaintiffs in this case are pro se litigants. Haines v. Kerner, 404 U.S. 519, 520 (1972). When defendants file a motion to dismiss, the court must construe the complaint liberally in favor of plaintiffs, taking all facts alleged by the plaintiffs

as true, even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007).

Accordingly, Plaintiffs are hereby **ORDERED** to file any objections to the A.G. Defendants' and Defendant Alexander's motions for dismissal (Dkt. nos. 111, 136), or to otherwise inform the Court of their decision not to object to these Defendants' motions within twenty-one (21) days of the date of this Order. Tazoe, 631 F.3d at 1336 (advising that a court cannot dismiss an action without employing a fair procedure). Should Plaintiffs not timely respond to the A.G. Defendants' and Defendant Alexander's motions to dismiss, the Court will determine that there is no opposition to the motion. See L.R. 7.5.

**CONCLUSION**

Defendants Nellises' motion to dismiss (Dkt. no. 130) is **GRANTED** and Plaintiffs' claims against the Nellises are dismissed with prejudice; Defendants CASA Glynn and Tye's motion to dismiss (Dkt. no. 112) is **GRANTED** and Plaintiffs' claims against those Defendants are dismissed without prejudice; Plaintiff Robinson's Objection (Dkt. no. 100) to the Magistrate Judge's November 1, 2013 Order denying Plaintiff's request for appointed counsel is **OVERRULED**; Plaintiff Lyde is **DIRECTED** to respond to Plaintiff Robinson's motion to have him dropped from the case (Dkt. no. 100) within 21 days; and Plaintiffs are

12

**DIRECTED** to respond to the A.G. Defendants' motion to dismiss (Dkt. no. 111) and Defendant Atwood's motion to dismiss (Dkt. no. 136).

**SO ORDERED**, this 28TH day of April, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA