# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

SCELIA ROBINSON and ZACK LYDE,

    Plaintiffs,

v.

THE STATE OF GEORGIA; AMITY HOUSE, et al.,

    Defendants.

CV 213-66

## ORDER

Presently before the Court are Plaintiff Scelia Robinson's motion to drop Plaintiff Zack Lyde from the case (Dkt. no. 100), Defendants Peggy Sorrells, Norris Smith, Frank Bonati, Clyde Reese, Frank Berry, Chuck Pittman, Amanda Chapman, Vicki Riggins, LaSharn Hughes, Bobby Cagle, Mary Skelton, Mike Beatty, and David Cook's motion to dismiss (Dkt. no. 111), and Defendant J. Alexander Atwood's motion to dismiss (Dkt. no. 136). For the reasons stated below, all three motions are **GRANTED**.

### PROCEDURAL BACKGROUND

A full summary of this *pro se* action can be found in the Court's previous Order of February 18, 2014, granting the initial motions to dismiss made by several Defendants. Dkt. no.

AO 72A
(Rev. 8/82)

107. As detailed therein, Plaintiffs Scelia Robinson and Zack Lyde filed their Complaint on May 6, 2013, and elected to amend it the next month. Dkt. nos. 1, 6. In what the Eleventh Circuit calls "shotgun fashion" the Complaint and its amendment touch on more than 40 separate claims lodged against some 110 Defendants.

At the request of many Defendants and following the directions the Eleventh Circuit has given to courts faced with such shotgun pleadings, the Magistrate Judge ordered Plaintiffs to provide a more definite statement of their claims. Dkt. no. 74. Plaintiffs were given 20 days from August 20, 2013, to identify which Defendants allegedly violated which rights. Id. Instead of complying with the Magistrate Judge's Order, the Plaintiffs asked for a grand jury investigation of the Magistrate Judge. Dkt. no. 75.

Thereafter, several Defendants moved to dismiss the Complaint. The Court granted one round of motions to dismiss on February 18, 2014 (Dkt. no. 107), another on March 18, 2015 (Dkt. no. 135), and yet another on April 28, 2015 (Dkt. no. 138). The Court considered the present motions in that most recent Order (Dkt. no. 138). At that time, the Court noted that the Plaintiffs had not responded to the Defendants' motions to dismiss, nor had Plaintiff Lyde responded to Plaintiff Robinson's motion to have him dropped from the case. Because the Plaintiffs are before the Court *pro se*, this Court admonished

AO 72A
(Rev. 8/82)

them to respond to the motions and extended the deadline for responses by three weeks. See Dkt. no. 138, pp. 12-13. Despite the Court's willingness to provide Plaintiffs ample time and opportunity to respond to these motions, they have not done so. This failure alone is enough to grant Defendants' motions to dismiss and Plaintiff Robinson's motion to drop Plaintiff Lyde from the case, but those motions are also due to be granted on their merits.

## DISCUSSION

I. **Plaintiff Robinson's "Second Request for a Motion to Amend and Have Co-Plaintiff Zack Lyde Removed from Case CV 213-066"**

Plaintiff Robinson's November 12, 2013 motion requests that the Court appoint counsel and remove Plaintiff Lyde from the case. Dkt. no. 100. Plaintiff's request for appointed counsel was denied in the Court's April 28 Order, but the Court afforded Plaintiff Lyde the opportunity to respond to Plaintiff Robinson's request to have him dropped from the case. Dkt. no. 138, p. 5-6. Plaintiff Lyde has not opposed that request.

Under Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. As discussed in the April 28 Order, Plaintiff Robinson appears to argue that Plaintiff Lyde should be dropped from the case because he has no real interest in the case and thus is present only by misjoinder. See Dkt.

no. 100, pp. 2-4. Indeed, this Court has previously noted that Plaintiffs' Complaint does not allege any specific harm to Plaintiff Lyde. Dkt. no. 107, p. 3. By Plaintiff Robinson's account, she named Lyde as a Plaintiff because he told her it was necessary for him to be a named co-plaintiff if he were to successfully represent her in this suit. Dkt. no. 100, p. 7. However, Lyde is not an attorney.

Plaintiff Lyde has no interest in this case. The Complaint does not allege that he suffered any harm, and he cannot legally represent Plaintiff Robinson in this matter. Furthermore, he has not opposed Plaintiff's request. Therefore, pursuant to Rule 21, this Court finds that Plaintiff Lyde should be dropped from the case and **GRANTS** Plaintiff Robinson's motion in that regard.

## II. The Motions to Dismiss

Peggy Sorrells and the other Defendants represented by the Georgia Attorney General (the "AG Defendants") have filed a motion to dismiss for Plaintiff's failure to prosecute pursuant to Rule 41(b). Dkt. no. 111. Defendant Atwood brings his motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Dkt. no. 136.

### a. The AG Defendants' Rule 41(b) Motion to Dismiss

As has been repeatedly noted by this Court and several of the 110 Defendants Plaintiff named in her Complaint, the Complaint is a quintessential "shotgun" pleading. The Complaint

4

only connects a handful of Defendants to just a few of the 40 alleged claims, and even those connections are conclusory, at best. The AG Defendants in particular argue that they are having a hard time making heads or tails of the Complaint, which they say "is wholly unintelligible and fails to link any of the claimed causes of action to any particular Defendant, making the filing of a responsive pleading virtually impossible." Dkt. no. 111-1, p. 2. For this reason, Defendants filed Motions for a More Definite Statement on July 10 and 15, 2013 (Dkt. nos. 17, 36). As discussed above, the Magistrate Judge entered an Order granting the Defendants' motions, directing that Plaintiff file a more definite statement of her claims within 20 days of that Order. Dkt. no. 74. Instead of complying with the Magistrate Judge's Order (which Plaintiff acknowledged in her response), Plaintiff asked for a grand jury investigation of the Magistrate Judge. Dkt. no. 75. Plaintiff has yet to file a more definite statement as directed by the Magistrate Judge.

If a plaintiff fails to prosecute a case or to comply with a court order, a defendant may move to dismiss the action or any claim against it pursuant to Rule 41(b). Fed. R. Civ. P. 41(b). Unless the court states otherwise, a Rule 41(b) dismissal operates as an adjudication on the merits. Under this Court's Local Rules, a case may be dismissed for want of prosecution for "(b) Willful disobedience or neglect of any order of the Court;

AO 72A
(Rev. 8/82)

or (c) Any other failure to prosecute a civil action with reasonable promptness." LR 41.1.

The Eleventh Circuit Court of Appeals has upheld Rule 41(b) dismissals where the plaintiff failed to comply with an order to amend his complaint to comport with Rule 8's pleading requirements. See Popham v. Cobb Cnty., 392 F. App'x 677, 680-81 (11th Cir. 2010). Here, the Court plainly told Plaintiff what she needed to do to bring her Complaint into compliance with the Federal Rules of Civil Procedure. See Dkt. no. 74. Instead of attempting to state which Defendants violated Plaintiff's rights and which rights they violated, as she was instructed to do in the Magistrate Judge's Order, Plaintiff simply demanded a grand jury investigation. See Dkt. no. 75. Plaintiff was ordered to provide a more definite statement, and she knowingly rejected that Order. Without a more definite statement of her claims, Defendants are not able to respond to Plaintiff's Complaint. As such, it is appropriate for the Court, under Rule 41(b) and Local Rule 41.1, to **GRANT** the AG Defendant's motion to dismiss the claims against them (Dkt. no. 111).

### b. Defendant Atwood's Motion to Dismiss

Defendant Atwood brings his motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Dkt. no. 136. When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts as set forth in

6

the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

As previously noted, Plaintiff's Complaint is a quintessential example of a shotgun pleading, which the Eleventh Circuit has admonished for well over two decades. See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam). Plaintiff claims that "[a] suit is needed against the State of Georgia[,] the case workers, family court judges, and district lawyers, state and federal agencies, DHS and its providers, hired attorneys, counselors, and medical personnel" for "Judicial and Government accountability." Dkt. no. 1, p. 8. As this Court has observed in other Defendants' motions to dismiss, the only specific allegations in the Complaint are against Glynn County Juvenile Court, the State of Georgia, an unidentified

DFCS worker, and Judge Rountree. See Dkt. no. 135, p. 3 (citing Compl., Dkt. no. 1; First Am. Compl., Dkt. no. 6). Beyond conclusory assertions of legal violations, Plaintiff proffers no averments showing a plausible claim for relief, under any of her 40-plus theories of liability. The Complaint gives no indication of what, if anything, Defendant Atwood has done wrong. Even under the liberal standard under which *pro se* complaints are interpreted, the allegations in Plaintiff's Complaint are conclusory, speculative, unspecific, and fall short of the standard for alleging a plausible claim for relief. These fatal flaws persist even after Plaintiff was under Court order to give a more definite statement, and Plaintiff has twice declined opportunities to respond to Defendant Atwood's motion. Defendant Atwood's motion to dismiss (Dkt. no. 130) is **GRANTED**, and all of Plaintiff's claims against him are dismissed with prejudice.

## CONCLUSION

The AG Defendants' motion to dismiss (Dkt. no. 111) is **GRANTED**; Defendant Atwood's motion to dismiss (Dkt. no. 136) is **GRANTED**; and Plaintiff Robinson's motion to drop Plaintiff Lyde from the case (Dkt. no. 100) is **GRANTED**.

**SO ORDERED**, this 20^(TH) day of May, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)